IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE ALVERSON,

        Plaintiff,

vs.                                                                               No. CIV 18-0123 JB/KBM

WELLS FARGO BANK, N.A.,

        Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 16, 2018 (Doc. 19)("PFRD"); and (ii) on the Plaintiff's Objections to Magistrate Judge's Report and Recommendation, filed May 29, 2018 (Doc. 20)("Objections"). This case was referred to the Honorable Karen B. Molzen, United States Magistrate Judge, on December 23, 2017 for a report and recommendation pursuant to 28 U.S.C. § 636(b). See Order of Reference Relating to Non-Prisoner Pro Se Cases, filed February 23, 2018 (Doc. 12). Judge Molzen issued the PFRD on May 16, 2018, recommending that this matter be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico for lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine.

Pro se Plaintiff Steve Alverson filed a Complaint for Violation of the Unfair Practices Act, D-101-CV-2018-00055 (First Judicial District Court, County of Santa Fe, State of New Mexico), filed in state court January 5, 2018, filed in federal court February 6, 2018 (Doc. 1-1)("Complaint") against Defendant Wells Fargo Bank, N.A. in state district court on January 5, 2018. See Complaint at 1. Wells Fargo removed the case to federal court on February 6, 2018,

asserting diversity jurisdiction.  See Notice of Removal to Federal Court ¶ 4, at 2, filed February 6, 2018 (Doc. 1)("Removal Notice").  In the Complaint, Alverson alleges "unfair or deceptive trade practices" or "unconscionable trade practice" in violation of the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 to 26 ("UPA"), during the attempted collection of a debt.  See Complaint ¶ 2, at 1.  Specifically, he asserts that Wells Fargo obtained a foreclosure judgment in a state-court proceeding without informing the state court that it "did not own or possess any pecuniary interest in the Note."  See, e.g., Complaint ¶ 9, at 2.  Alverson seeks a permanent injunction against Wells Fargo from enforcing the foreclosure judgment.  See Complaint at 18.  In the alternative, he seeks an order vacating the foreclosure judgment or for restitution.  See Complaint at 18.

In 2011, Wells Fargo filed the referenced foreclosure action against Alverson in state district court.  See Wells Fargo Bank, N.A., v. Alverson, D-101-CV-2011-03297, Complaint for Foreclosure at 1 (First Judicial District Court, County of Santa Fe, State of New Mexico), filed in state court on October 27, 2011, filed in federal court on February 6, 2018 (Doc. 1-1).  Just as Judge Molzen took judicial notice of the First Judicial District Court's records in the underlying foreclosure action, the Court does the same on de novo review.  See PFRD at 2; St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)(reasoning that federal courts may take notice of proceedings in other courts when they have a direct relation to the matters before the court).

Judge Molzen ultimately concludes that the Rooker-Feldman doctrine applies to Alverson's claims, because the determination he seeks would necessarily disturb the state court foreclosure judgment.  See PFRD at 12-13, 15.  She therefore recommends remand of Alverson's claims, but not for the reasons that Alverson articulates in support of his Motion to Remand, filed

February 15, 2018 (Doc. 8)("Motion to Remand"). See PFRD at 12-13, 15. Indeed, Judge Molzen recommends denial of each of the parties' motions. See PFRD at 15. The Court gave the parties fourteen days to file objections to the PFRD. See PFRD at 16. Alverson filed objections on May 29, 2018, but Wells Fargo filed none. See Objections at 1.

In his objections, Alverson explains that he "does not object to the Report overall or its conclusion that the case must be remanded for state court consideration." Objections at 1. Rather, he objects on the basis that the "Magistrate Judge Lacked Jurisdiction to determine the merits of Plaintiff's timeliness objection." Objections at 1.

Having reviewed the PFRD, the Court concludes that, although Judge Molzen passed on Alverson's argument that the Removal Notice is untimely, she passed on it, because a jurisdictional defect precluded review of the case's merits. See PFRD at 11, 15. This Court agrees with Judge Molzen, and with Alverson, that "the existence of subject-matter jurisdiction is a threshold inquiry that must precede any merits-based determination." PFRD at 11 (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). See Objections at 2. The Court also agrees that the Rooker-Feldman doctrine implicates the Court's subject-matter jurisdiction. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005)("Exxon Mobil")("Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction.")(citations omitted). See FDIC v. Harger, 778 F. Supp. 2d 1123, 1136 (D.N.M. 2011)(Browning, J.)("Rooker-Feldman is a jurisdictional limit on federal district and appellate courts.").

Further, having conducted a de novo review of the Complaint, the Motion to Dismiss Plaintiff's Complaint, filed February 9, 2018 (Doc. 3), the Motion to Remand, and the

Objections, the Court agrees that this case must be remanded for lack of subject-matter jurisdiction pursuant to Rooker-Feldman. Notably, the Supreme Court of the United States explained in Exxon Mobil that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284. Alverson's claims fall squarely within this description, and the Court agrees with Judge Molzen that it lacks subject-matter jurisdiction over the claims pursuant to the Rooker-Feldman doctrine. The Court therefore adopts Magistrate Judge Molzen's findings and conclusions to the extent that she recommends remand on that basis.

**IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition, filed May 16, 2018 (Doc. 19), is adopted to the extent that it recommends remand on the basis that the Court lacks subject-matter jurisdiction; (ii) Defendant Wells Fargo's Motion to Dismiss Plaintiff's Complaint, filed February 9, 2018 (Doc. 3), is denied; (iii) Plaintiff Steve Alverson's Motion to Strike Defendant's Motion to Dismiss, filed February 15, 2018 (Doc. 7), is denied; and (iv) Alverson's Motion to Remand, filed February 15, 2018 (Doc. 8), is denied. This case is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico for lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Steven Alverson
Santa Fe, New Mexico

    *Plaintiff pro se*

Sandra A Brown
Snell & Wilmer, L.L.P.
Phoenix, Arizona

    *Attorney for the Defendant*